# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALAN GARCIA, | : | |
| Plaintiff, | : | Case No. 1:24-cv-10762-DJC |
| v. | : | Judge Denise J. Casper |
| UNITED PARCEL SERVICE, INC. and TEAMSTERS UNION LOCAL No. 59, | : | |
| Defendants. | : | |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE <u>ALTERNATIVE, MOTION TO DISMISS</u>**

Plaintiff's Memorandum in Response to United Parcel Service, Inc.'s ("UPS") Motion for Judgment on the Pleadings ("Response") contains a fundamental misunderstanding of 301 preemption. The purpose of this Reply to is clarify 301 preemption, and its application to this case.

**I.     Plaintiff's Discussion of Complete Preemption Pertains to Removability, Not Disposition**

The question of whether a case is completely preempted pertains to **removability**. Complete preemption is unusual because it confers a federal question in absence of a federal claim. It is a rare doctrine conferred on only Section 301 of the Labor Management Relations Act of 1947, § 502 of the Employee Retirement Income Security Act of 1974, and actions for usury against national banks under the National Bank Act, and it provides that the preemption of a single claim renders the entire action removable. As explained by the First Circuit:

> "Complete preemption" is distinct from "[o]rdinary, or defensive, preemption." [] It "applies where a purported state claim ... is re-characterized as a federal claim" such that it is said to arise under federal law and permit removal to federal court. [] As one of our sister circuits has characterized the concept, "'[c]omplete preemption' is a misleadingly named doctrine." [] "Preemption normally is a

> defense .... But 'complete preemption' is not a defense. It means that the claim itself arises under federal law" for purposes of the well-pleaded complaint rule.

*Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 57 (1st Cir. 2016) (internal citations omitted).

Removal was the issue addressed in *Caterpillar*. Plaintiff cites *Caterpillar* for the proposition that a 301 question in a defensive argument cannot be used to deprive a plaintiff of an otherwise cognizable state claim. *Caterpillar* is readily distinguishable. That case involved plaintiffs who had individual employment agreements that were the subject of state breach of contract claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). Caterpillar argued that "in its collective-bargaining agreement, its unionized employees waived any preexisting individual employment contract rights." *Id.* at 398. Waiver is an affirmative defense to a breach of contract case. The court rightly noted:

> When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id.* at 399. This situation is clearly the former. Plaintiff has *chosen* to plead a claim that necessitates interpretation of the collective bargaining agreement in order to prevail. To prove his claims, Plaintiff will need to show that he suffered an adverse action that is causally connected to his race or his protected activity, and that any reason proffered by UPS for this adverse action is mere pretext. Significantly, these are elements Plaintiff needs to prove to establish a claim, not an affirmative defense that UPS will raise to defeat an otherwise established claim.

As the First Circuit went on to explain,

> "When one turns from <u>removal</u> of the case to <u>disposition</u> of the claims, a different set of issues arise." [] Where complete preemption applies, the CBA must be interpreted under the "evolving federal common law grounded in national labor policy," [] rather than state contract law. This promotes "interpretive uniformity and predictability," which are thought to promote the orderly resolution of labor disputes. [] In particular, "federal common-law rules of decision ... assure that agreements to arbitrate grievances w[ill] be enforced, regardless of the vagaries of state law and lingering hostility toward extrajudicial dispute resolution." []
>
> \*   \*   \*   \*
>
> "In most cases, a claim that requires interpretation of the applicable CBA is covered by "a broadly-phrased grievance and arbitration provision in the CBA," and such claims are dismissed "so long as relief can be provided within the CBA process."

*Rueli*, 835 F.3d at 59-60 (internal citations omitted). Plaintiff's claims necessitate an adjudication of UPS' application of the collective bargaining agreement, his union's involvement in an election, and the inner workings of the grievance process. The courts recognize that such judicial interference in grievance-arbitration threatens the overall scheme under the NLRA, which is vital to the collective bargaining process.

> **II.    The Supreme Court, Every Court of Appeals, and Cases Cited By Plaintiff Provide for Preemption of State Anti-Discrimination Statutes Where Appropriate**

In 1985, the U.S. Supreme Court applied Section 301 to employment-related claims in *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985). The standard set there is still applicable today: "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Id.* at 220. Every Court of Appeals in the nation recognizes that state antidiscrimination statutes can be preempted by Section 301 when the *Allis-Chalmers* standard is met. *See Fant v. New Eng. Power Serv. Co.,* 239 F.3d 8, 14 (1st Cir. 2001); *Whitehurst v. 1199 SEIU United Healthcare Workers East*, 928 F.3d 201, 206-209 (2nd Cir. 2019); *Rutledge v. Int'l Longshoremen's Ass'n AFL-CIO,* 701 Fed. Appx.

156, 160, fn. 2 (3rd Cir. 2017); *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1401, (4th Cir. 1994); *Reece v. Houston Lighting & Power Co.,* 79 F.3d 485, 487 (5th Cir. 1996); *Slinker v. Jim Beam Brands Co.*, 689 Fed. Appx. 406, 408 (6th Cir. 2017); *Douglas v. American Information Technologies Corp.*, 877 F.2d 565, 570 (7th Cir. 1989); *Boldt v. Northern States Power Co.*, 904 F.3d 586, 593 (8th Cir. 2018); *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1152-1153, (9th Cir. 2019); *Saunders v. Amoco Pipeline Co.*, 927 F.2d 1154, 1156 (10th Cir. 1991); *Peterson v. BMI Refractories*, 132 F.3d 1405, 1412 (11th Cir. 1998).

Plaintiff's cited authority does not hold that Section 301 never preempts state antidiscrimination law[1]. Instead, echoes *Allis Chalmers*: preemption is appropriate if it requires interpretation of the CBA, which not all discrimination cases involving unionized employees[2] do. *See e.g. Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 407 n. 7 (1988) ("if a law applied to all state workers but required, at least in certain instances, collective-bargaining agreement interpretation, the application of the law in those instances would be pre-empted"); *LaRosa v. United Parcel Serv., Inc.*, 23 F. Supp. 2d 136, 145 (D. Mass. 1998) (finding claims were not preempted simply because a collective bargaining agreement incorporated state anti-discrimination laws); *Mass. Elec. Co. v. Mass. Comm'n Against Discrimination* 375 Mass. 160 (1978) (finding that claims were not preempted simply because the benefits at issue were a

---

[1] Some of Plaintiff's cases don't discuss preemption at all, or if they do, discuss it in a different context. *See e.g. Lolos v. Solutia, Inc.*, 193 F. Supp. 2d 364, 368 n. 7 (D. Mass. 2002) (declining to address the preemption argument); *Silva v. Hit or Miss*, 73 F. Supp. 2d 39, 41-42 (D. Mass. 1999) (no discussion of Section 301 preemption in relation to state-based discrimination claims); *Bruni v. U.S.*, 1991 U.S. Dist. LEXIS 9603, 1991 WL 128590, *2-3 (D. Mass. July 10, 1991) (no discussion of Section 301 preemption in relation to state-based discrimination claims, only that Title VII did not preempt the claim); *Guzman v. United Airlines, Inc.*, 1990 U.S. Dist. LEXIS 9390, 1990 WL 105732, at *4 (D. Mass. July 20, 1990) (discussing preemption in relation to the Railway Labor Act); *Allied Elevator Grp. Inc. v. 3Phase Elevator Corp.*, No. 20-11557-RGS, 2020 Mass. Super. LEXIS 2181, at *7 (Oct. 26, 2020) (involved standalone contract interpretation versus statutory claim for unionized employee).

[2] Notably, in order for preemption to apply at all, it must involve a unionized employee. One of Plaintiff's cited cases involves a managerial employee, to whom preemption could not apply, and is therefore not analogous to this case in any sense. *Naitram v. Local 2222 of Intern. Broth. Of Elec. Workers*, 982 F.Supp. 83 (D. Mass. 1997).

4

mandatory subject of bargaining); *Finlan v. Verizon New Eng.*, Docket No. 09-10895-MLW, 2009 U.S. Dist. LEXIS 147686 (D. Mass. Nov 9, 200)("Although deciding plaintiff's Chapter 151B claim may require reference to a collective bargaining agreement, it will not require interpretation of any such agreement."); *Navarro v. U.S. Tsubaki, Inc.*, 577 F. Supp. 2d 487, 500 (D. Mass. 2008) (same).

Plaintiff attempts to undermine UPS' citation to binding First Circuit precedent by observing that those cases did not involve state civil rights statutes. This is a distinction without a difference. **The relevant inquiry is whether resolution of the state-law claim is substantially dependent upon analysis of the collective bargaining agreement.[3]** This case *does* require contract interpretation. As more fully detailed in UPS' 12(c) motion, which will not be belabored here, Plaintiff's allegations require an investigation into whether route assignments were discriminatory (route assignments are controlled by the CBA) (see ECF 31, §III(C)(i)); that the failure to reinstate him was similarly discriminatory[4] (which requires an evaluation of the grievance process and its application of the CBA) (see ECF 31, §III(C)(iii)); and that UPS retaliated against him for union-related activity (which is a ULP and subject to the NLRB's exclusive jurisdiction) (see ECF 31, §III(C)(ii)). Accordingly, Plaintiff's claims are properly preempted.

---

[3] Indeed, many of Plaintiff's cited cases found various state law claims preempted. *See e.g. Biagini v. Berkshire Concrete Corp.*,190 F. Supp. 2d 170, 175 (D. Mass. 2002)(plaintiff's state-based workers' compensation retaliation claims were preempted by Section 301 because they substantially depended on interpretation of the CBA); *Hart v. Verizon Communication, Inc,* 2004 U.S. Dist. LEXIS 3699, 2004 WL 438786, at *2 (D. Mass. Mar. 9, 2004)(claims of constructive discharge from sexual harassment were preempted by Section 301 because they required interpretation of the CBA); *Troconis v. Lucent Technologies, Inc.*, 160 F. Supp. 2d 150, 155-156 (D. Mass. Aug. 31, 2001)(CBA provisions would require interpretation to resolve the Plaintiff's claims); *Rocheleau v. Brockway-Smith Co.*, 1999 U.S. Dist. LEXIS 25602 *1 (preemption intentional interference claim but not discrimination claims that did not require interpretation of the CBA);

[4] Plaintiff's response brief does not address UPS' argument that his only timely claim is based on the failure to reinstatement him. Accordingly, this point is conceded. *See Curet-Velàzquez v. ACEMLA De P.R., Inc.,* 656 F.3d 47, 54 (1st Cir. 2011) (arguments not adequately asserted in briefing deemed waived); *Coons v. Indus. Knife Co.*, 620 F.3d 38, 43-44 (1st Cir. 2010) (failure to address arguments surrounding three-year statute of limitations waived argument); *Grundy v. HSBC Bank USA, N.A.,* 2018 U.S. Dist. LEXIS 155236, *33 (D. Mass. July 16, 2018) (accord).

### III.  Conclusion

Plaintiff has failed to provide adequate authority to support his proposition that Section 301 cannot preempt his claim, and the resolution of his sole claim regarding failure to reinstate substantially depends on interpretation of the CBA. As such, Plaintiff's claims are completely preempted and should be dismissed.

Respectfully submitted,

*/s/Jonathan M. Kelly*
Allison L. Goico (PHV)
Jonathan Kelly (PHV)
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
allison.goico@dinsmore.com
jon.kelly@dinsmore.com

Javier F. Flores
DINSMORE & SHOHL, LLP
101 Arch Street, Suite 1800
Boston, MA 02110
T: (857) 305-6383
F: (857) 305-6401
JAVIER.FLORES@DINSMORE.COM

*Counsel for Defendant United Parcel Service, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed this 9th day of August, 2024, with the Clerk of the Court using the CM/ECF filing system, which will notify all counsel of record.

/s/Jonathan M. Kelly
Jonathan M. Kelly